**UNITED STATES of America, Appellee,**

v.

**Walter MAYS, Appellant.**

**No. 85–3611.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(b)
June 3, 1986.

Decided July 31, 1986.

J. Alan Johnson, U.S. Atty., Bonnie R. Schlueter, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Walter L. Mays, Danbury, Conn., pro se.

Before: GIBBONS, BECKER and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This appeal requires us to construe the mandate of Fed.R.Crim.P. 32(a)(1)(A) that "the court shall ... determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report...." Proceeding *pro se*, appellant Walter L. Mays challenges a judgment of sentence following a jury trial in which he was convicted of three narcotic offenses: conspiracy to import heroin (21 U.S.C. § 963); importation of heroin (21 U.S.C. § 952(a)); and posses-

sion of heroin with the intent to distribute (21 U.S.C. § 846).[1] Although appellant presses a number of points on appeal, we consider in any detail only his claims that the district court violated Fed.R.Crim. P. 32(a)(1)(A) and 32(c)(3)(D) in connection with his sentencing.[2] Fed.R.Crim. P. 32(c)(3)(D) requires the district court to make findings about the accuracy of statements in the presentence investigation report (PSI) that are challenged by the defense.

### I.

Fed.R.Crim.P. 32(a)(1) was amended in 1983 in order to ensure that the defendant and their counsel have had the opportunity to read the PSI prior to sentencing.[3] According to the note of the Advisory Committee, the amendment was a response to an empirical study that found "that some form of judicial prodding is necessary to achieve full disclosure." Fennell & Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv.L.Rev. 1613, 1651 (1980). The Advisory Committee deemed disclosure essential not only because of the defendant's interest in an accurate PSI at the sentencing stage but also because the PSI is a

---

1. The district court imposed a general sentence on all counts of imprisonment for 10 years, a special parole term of 10 years, and a $10,000 fine.

2. Appellant's other arguments are without merit. His contention that the district court erred by not disclosing the presentence report to him "at least ten days prior to the date set for sentencing" as required by 18 U.S.C. § 3552(d) overlooks the fact that that provision does not become effective until October 12, 1987. Equally untenable is appellant's contention that the district court abused its discretion by imposing on him, a first-time offender, prison and parole terms of 10 years each and a $10,000 fine. Since he could have received up to 15 years in prison, a $25,000 fine and a much longer special parole term, *see* 21 U.S.C. § 960(b)(1), the district court acted well within its discretion. *See United States v. Matthews*, 773 F.2d 48, 52 (3d Cir.1985) (district court has virtually unfettered discretion in imposing a sentence if it falls within the statutory limits). Also meritless is the appellant's claim that the evidence was insuffi-

cient to sustain the jury's guilty verdict on the charge of conspiracy. Viewing the evidence in the light most favorable to the government, it is clear that the jury could easily have determined beyond a reasonable doubt that Mays conspired with his brother, codefendant Dennis Mays.

3. This rule, as amended, provides:
   (1) ... Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall
   (A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B);
   (B) afford counsel an opportunity to speak on behalf of the defendant; and
   (C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.
   The attorney for the government shall have an equivalent opportunity to speak to the Court.

critically important document in: (1) the parole release determination of the United States Parole Commission; and (2) the classification decisions of the U.S. Bureau of Prisons. *See* Fed.R.Crim.P. 32(a)(1); Advisory Committee Note, p. 104. The amended rule seeks to achieve compliance by requiring the sentencing judge to "determine that the defendant and his counsel have had the opportunity to read and discuss" the PSI.

▪ Appellant contends that he did not read the PSI until after sentencing.[4] The only record reference to the matter at the sentencing hearing is the following statement by appellant's former counsel:

> As I read the presentence report *with the Defendant,* Your Honor, it accurately reflects what the Government says. It accurately reflects that [sic] the Defendant still says.

(emphasis added). Sentencing transcript, p. 3. There is no colloquy on the record between the court and the defendant in which the latter acknowledges reading the presentence report. For this reason, appellant argues that Rule 32(a)(1)(A) has been breached. We disagree. Rule 32(a)(1) provides only that before sentencing "the court shall (A) determine that the defendant and his counsel have had the opportunity to read and discuss the ... report." This is in contradistinction to Rule 32(a)(1)(C), which prescribes that "the court shall ... address the defendant personally and ask him if he wishes to make a statement in his own behalf ..." From this difference in drafting, we can conclude

only that the drafters of the Rule did not intend to create an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report and discuss it with counsel. Instead, it appears that the drafters intended that the court need only *somehow* determine that the defendant has had this opportunity. In this case, the defense attorney's words "[a]s I read the [PSI] with the Defendant" were sufficient to enable the court to determine that the defendant had had the opportunity to read the report with counsel.

In so holding, we differ with the Seventh Circuit, which has construed 32(a)(1)(A) to impose an affirmative duty upon the court to ask the defendant directly whether he or she "has had an opportunity to read the report, whether the defendant and defense counsel have discussed the report and whether the defendant wishes to challenge any facts in the report." *United States v. Rone,* 743 F.2d 1169, 1174 (1984).[5] We do, however, believe that it is the better practice for trial courts to address the defendant directly in order to establish that he or she has had the opportunity to read the PSI and to discuss it with counsel. This simple practice will avoid unnecessary challenges and help to ensure fairness in the sentencing procedure. Familiarity with the PSI is very important to fairness because, as noted, the PSI is the critical document not only in the sentencing process, but also in the deliberations of the Parole Commission and the Bureau of Prisons.[6]

---

4. The government asserts in its brief that appellant signed a statement, recorded in the Probation Office, that he had read the report on the day of sentencing. This document is not part of the record, however. Appellant concedes that he reviewed a presentence report before sentencing, but apparently claims that it was not the official report. *See* appellant's brief p. 11, n. 4.

5. We note that the record concerning whether the defendant read and discussed the PSI with his counsel was far weaker in *Rone.* There counsel cited only the word "we" to refer to his and his client's concern about the PSI, and this term did not satisfy the court that the defendant had actually had "the opportunity to *read* the

report." *Id.* at 1173, n. 2. Here, however, counsel made the stronger statement that he had "read the presentence report with the Defendant." *See supra* p. 80.

6. Although a direct colloquy is the preferred practice, the defendant has not demonstrated or even suggested that the failure to conduct a colloquy is a recurring problem in the district courts. We therefore follow the course pursued in *United States v. Anderson,* 704 F.2d 117 (3d Cir.1983), where we observed that:

> Before adding to the provisions set forth in the Federal Rules, which are adopted after most careful consideration, at the very least a compelling need for such addition should be made out.

## II.

■ Appellant also alleges that the district court violated Fed.R.Crim.P. 32(c)(3)(D)[7] by failing to make findings about the accuracy of statements in the PSI that were challenged by the defense. This contention is patently incorrect. *See* sentencing transcript, pp. 7–9. We do note, however, that although the district court made all the necessary findings, it failed to append the sentencing transcript[8] to the presentence investigation report. We shall therefore remand solely for the ministerial purpose of having the court attach the transcript to the report in compliance with 32(c)(3)(D). In all other respects the judgment of the district court will be affirmed.

---

We thus rely on the district courts to assure that the defendant has read the PSI and discussed it with counsel, confident that our exhortation to direct colloquy will generally be honored.

**7.** Fed.R.Crim. P. 32(c)(3)(D) provides:

If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a

determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. *A written record of such findings and determinations shall be appended to and accompany any of the presentence investigation report* thereafter made available to the Bureau of Prisons or the Parole Commission.

(emphasis added).

**8.** The sentencing transcript contains the findings. There was no separate written record.