872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas CACCIOLA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-4022.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1989.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and ODELL HORTON, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Thomas Cacciola appeals the denial of his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. Cacciola pleaded guilty to one count of attempt to fraudulently use credit cards pursuant to a plea agreement and was sentenced to five years imprisonment. In his motion to vacate, petitioner alleged two technical violations of Fed.R.Crim.P. 32 by the district court at his sentencing. Upon consideration, we conclude that petitioner's motion was properly denied.
 
 
 4
 First, petitioner's claim that the district court violated Fed.R.Crim.P. 32(a)(1)(A) when it failed to "determine that the (petitioner) and his counsel have had the opportunity to read and discuss the pre-sentence investigation report" is without merit. Although the district court did not specifically ask petitioner and his attorney, the magistrate correctly concluded that the district court "somehow determine[d] that defendant and counsel have had an opportunity to read and discuss the PSI." See United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988) (emphasis in original) (citing United States v. Mays, 798 F.2d 78 (3d Cir.1986)). The record fully supports the magistrate's conclusion that petitioner had an adequate opportunity to review the PSI. Therefore, relief was properly denied on this ground.
 
 
 5
 Second, petitioner claims that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D)(ii). Essentially, petitioner contends that the district court failed to append its determination, made on the record, that matters in the PSI which were controverted by petitioner would not be considered by the court in sentencing. The magistrate concluded that the district court had indeed failed to append the transcript of this determination to the PSI and recommended that the district court order that the transcript be so appended to the PSI. The district court adopted the magistrate's recommendation in toto and entered judgment as specified by the magistrate. Thus, it appears that petitioner has been afforded the relief to which he is entitled and resentencing is not necessary. See Mays, 798 F.2d at 81; United States v. Castillo-Roman, 774 F.2d 1280, 1285 (5th Cir.1985) (per curiam); cf. United States v. Graham, 856 F.2d 756, 762 (6th Cir.1988) (court applies substantial compliance test to Rule 32(c)(3)(D)).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Odell Horton, Chief U.S. District Judge for the Western District of Tennessee, sitting by designation