

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2003

# USA v. Broskoskie

Precedential or Non-Precedential: Non-Precedential

Docket 02-2045

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Broskoskie" (2003). *2003 Decisions.* Paper 647.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/647

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2045
_____

UNITED STATES OF AMERICA

v.

TIFFANY BROSKOSKIE,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge: The Honorable James M. Munley
(D.C. Criminal No. 00-cr-00179-4)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 6, 2003

Before: ROTH, BARRY, and FUENTES, Circuit Judges.

(Opinion Filed:  April 16, 2003)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

On April 19, 2001, Tiffany Broskoskie entered a plea of guilty to one count of conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. § 846. On April 5, 2002, the District Court sentenced Broskoskie to a prison term of seventy (70) months. Broskoskie's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), expressing his belief that Broskoskie cannot raise any non-frivolous issues for our review, and directing us, as is required under Anders, to the issues that he thought Broskoskie might raise on appeal. Broskoskie filed a pro se brief directing us to four additional issues.

First, counsel notes that the District Court complied with the requirements set forth in Federal Rule of Criminal Procedure 11 during Broskoskie's plea colloquy. The District Court questioned Broskoskie regarding the charge against her in order to ensure that she understood the charge to which she was pleading guilty, and explained the maximum penalties involved with that crime. (App. p. 58-60) Broskoskie stated that she understood that she had a right to have a jury trial where she would be represented by counsel, be able to cross examine government witnesses and exercise her right against self-incrimination, and require the government to meet its burden of proof. Id. at 44-48. The District Court made sure that Broskoskie could read and write English, was not suffering from a mental condition, and was not under the influence of drugs or alcohol, and that her guilty plea was being made voluntarily. Id. at 42-44, 61. Finally, Broskoskie agreed that she was, in fact, guilty of the crime to which she was pleading, and acknowledged that the amount of methamphetamine involved in the offense was in excess of 500 grams. Id. at 58-60, 64-66.

Next, counsel notes that Broskoskie might raise one issue with respect to her sentence. Federal Rule of Criminal Procedure 32(c)(3)(A) requires that, prior to sentencing, a district court must "verify that the defendant and defendant's counsel have read and discussed the presentence report. . . ." See also United States v. Mays, 798 F.2d 78, 80 (3d Cir. 1986) (holding that district court must "*somehow* determine that the defendant has had [the] opportunity" to review the presentence report). In this case, the District Court did not verify during the sentencing proceeding that Broskoskie had reviewed the presentence report.

Because no objection was made regarding this failure, the plain error standard applies. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 736-37 (1993). We have held that it is not necessary to remand when the district court failed to verify that the defendant reviewed the presentence report unless the defendant can make a showing of prejudice. United States v. Stevens, 223 F.3d 239, 246 (3d Cir. 2000), cert. denied, 531 U.S. 1179 (2001). Broskoskie has not argued, nor do we find by our own examination of the record, that she was prejudiced by the District Court's failure to inquire. Accordingly, we agree with counsel that this issue is frivolous.

Finally, counsel asserts that in all other regards the District Court complied with Federal Rule of Criminal Procedure 32 during Broskoskie's sentencing proceeding. Pursuant to the United States Sentencing Guidelines, Broskoskie was subject to a maximum sentence of 120 to 135 months imprisonment. The District Court granted the government's motion for downward departure pursuant to U.S.S.G. § 5k1.1, however, and the resulting Guideline range was reduced to 70 to 87 months. The District Court rejected Broskoskie's motion for

downward departure after recognizing its authority to further depart. The District Court then sentenced Broskoskie to the bottom end of the Guideline range.

In her pro se brief, Broskoskie argues first that the District Court erroneously placed her in Criminal History Category III, when, in fact, the presentence report placed her in Criminal History Category II. Because Broskoskie raises this issue for the first time on appeal, we review the issue for plain error. Fed. R. Crim. P. 52(b); Olano, 507 U.S. at 736-37. The government concedes that Broskoskie's argument is correct. Paragraph 53 of the presentence report properly found that Broskoskie had three criminal history points, which necessarily places her in Criminal History Category II. In paragraph 71 of the report, however, Broskoskie was erroneously placed in Criminal History Category III. This error was not noticed or objected to during the sentencing proceeding. The District Court sentenced Broskoskie to 70 months imprisonment, which is the bottom end of the Guideline range for offense level 25, Criminal History Category III. If the proper Criminal History Category had been applied, however, the Guideline range would have been 63 to 78 months. Given that the District Court sentenced Broskoskie to the bottom end of an erroneously calculated Guideline range, we will remand for resentencing because we cannot say with certainty that the District Court would not have imposed a lower sentence based on the properly calculated Guideline range.

Broskoskie's second argument is that the District Court miscalculated her base offense level. Specifically, she argues that the District Court incorrectly based her offense level on the amount of methamphetamine attributable to her by virtue of the conspiracy rather than the smaller amount of methamphetamine actually distributed by her boyfriend with her assistance.

4

This issue was not raised in the District Court and is thus subject to plain error review. Fed. R. Crim. P. 52(b); Olano, 507 U.S. at 736-37. "[W]hether an individual defendant may be held accountable for amounts of drugs involved in reasonably foreseeable transactions conducted by co-conspirators depends upon the degree of the defendant's involvement in the conspiracy." United States v. Collado, 975 F.2d 985, 995 (3d Cir. 1992). Broskoskie received plenty of notice that she was being held accountable for more than 500 grams of methamphetamine as part of her guilty plea to the conspiracy count. (App. pp. 54-59) In both her plea agreement and again during the plea colloquy, she admitted that she was accountable for more than 500 grams of methamphetamine based on her involvement in the conspiracy. Id. at 17, 37, 64. Broskoskie's argument, therefore, is meritless.

Broskoskie's third argument is that her sentence violates the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). As was explained in the preceding paragraph, however, Broskoskie knowingly pleaded guilty to the charge of conspiring to distribute more than 500 grams of methamphetamine. The amount of drugs involved in the offense determined the base offense level. Therefore, Broskoskie's argument is unavailing. In any event, Apprendi does not apply here because Broskoskie's sentence of 70 months did not exceed the statutory maximum of 240 months permitted by 21 U.S.C. § 841(b)(1)(C). See United States v. Johnson, 302 F.3d 139, 155 n. 14 (3d Cir. 2002), cert. denied, 123 S. Ct. 937 (Jan. 13, 2003).

Finally, Broskoskie argues that the District Court lacked jurisdiction in this case based upon the holding in United States v. Meacham, 626 F.2d 503 (5th Cir. 1980). In Meacham, the court found that the district court lacked jurisdiction because the charges of "conspiracy to

5

attempt to import marijuana" and "conspiracy to attempt to distribute marijuana and to possess it with the intent to distribute" were not valid charges. Id. at 508-509. The charges against Broskoskie involved a "conspiracy to distribute" rather than a "conspiracy to attempt." The charges against Broskoskie were valid. Therefore, Broskoskie's final argument is unpersuasive.

After carefully reviewing the briefs and accompanying materials of record, we will affirm the conviction. Counsel conducted a conscientious review of the record and concluded that there were no non-frivolous issues that could be raised on appeal, as required by Anders, 386 U.S. at 744. Because counsel has complied with all of the procedures specified in Anders, we will grant his motion for withdrawal. In light of the District Court's erroneous placement of Broskoskie in Criminal History Category III, however, we will remand this case for resentencing. Accordingly, we will discharge current counsel and appoint substitute counsel pursuant to Local Appellate Rule 109.2(a) to represent Broskoskie during the resentencing proceeding.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio Fuentes

_____

6

Circuit Judge