[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14926
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20376-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDY MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2009)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eddy Martinez appeals his total sentence, consisting of consecutive terms of

time-served and 24 months' imprisonment, imposed upon his convictions for fraud in connection with access devices, in violation of 18 U.S.C. § 1029(a)(1); attempted fraud in connection with access devices, in violation of 18 U.S.C. § 1029(a)(2), (b)(1); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). On appeal, Martinez first argues that the probation officer's failure to complete an interview with him in preparing the presentence investigation report ("PSI") constituted plain error. Second, he contends that the district court plainly erred, under FED. R. CRIM. P. 32(i)(1)(A), in failing to personally ask him whether he had read the PSI prior to sentencing. Third, he argues that the district court plainly erred in failing to properly address his statement at sentencing that he wished to go to trial.

Because Martinez did not raise these errors in district court, we review them for plain error. *United States v. Richardson*, 166 F.3d 1360, 1361 (11th Cir. 1999).

I.

Martinez argues that the probation officer's failure to complete an interview with him in preparing the PSI constituted plain error. Martinez was present with former counsel at the presentence interview. Mid-interview, Martinez advised that he did not wish to continue the interview and was going to obtain private counsel to represent him. The interview was terminated. The probation officer's efforts to

2

contact Martinez's new counsel were unsuccessful and no interview was ever completed.

"A sentencing issue not raised in the district court is reviewed for plain error." *Id*. *See also United States v. Dorman*, 488 F.3d 936, 942 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 427 (2007) (stating that we generally review a district court's failure to comply with FED. R. CRIM. P. 32 for plain error if the defendant did not object to the error in the district court). Under the plain error standard, "there must be (1) an error, (2) that is plain, and (3) that affects substantial rights." *United States v. Williams*, 469 F.3d 963, 966 (11th Cir. 2006). If those conditions are met, we will "notice the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation omitted). An error is plain only if it is obvious or clear under current law; where neither the Supreme Court nor this Court has resolved an issue, and other circuits are split on it, there can be no plain error. *Id.* Regarding the third prong of the plain error analysis, the defendant bears the burden of establishing that the error affected the outcome of the proceedings below. *United States v. Curtis*, 400 F.3d 1334, 1336 (11th Cir. 2005) (per curiam).

After a defendant is convicted, a probation officer must conduct a presentence investigation and submit a report, the PSI, to the district court prior to

3

sentencing. FED. R. CRIM. P. 32(c)(1)(A). The PSI should contain information regarding the defendant's history and characteristics, prior criminal record, financial condition, and other circumstances that might be helpful at sentencing. FED. R. CRIM. P. 32(d)(2)(A). Moreover, "[t]he probation officer who interviews a defendant as part of a presentence investigation must, on request, give the defendant's attorney notice and a reasonable opportunity to attend the interview." FED. R. CRIM. P. 32(c)(2). However, the parties have not cited, and research does not reveal, any case law from the Supreme Court, this Court, or other circuits supporting the proposition that a defendant has an absolute right to be interviewed by a probation officer prior to completion of the PSI. *See United States v. Workman*, 110 F.3d 915, 919-20 (2d Cir. 1997) (noting the defendant's failure to cite to any case supporting such a proposition).

Here, the probation officer did not complete an interview with Martinez in preparing the PSI. Because of the lack of binding case law and any uniform line of persuasive cases holding that a defendant has an absolute right to be interviewed by a probation officer prior to completion of the PSI, any possible error was not plain. This is particularly so given that Martinez himself prematurely terminated the partially completed interview. Moreover, Martinez has not established any prejudice that resulted from the incomplete interview because he does not suggest

4

any way in which his sentence was affected by the incomplete interview. Thus, no plain error occurred in this regard.

Upon review of the PSI and sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error here.

## II.

Next, Martinez contends that the district court plainly erred, under FED. R. CRIM. P. 32(i)(1)(A), in failing to personally ask him whether he had read the PSI prior to sentencing. At sentencing, the district court did not personally ask Martinez whether he had read the PSI, but it did ask defense counsel whether counsel had reviewed the report with Martinez. Counsel replied that he had discussed the PSI with Martinez.

Rule 32(i) of the Federal Rules of Criminal Procedure requires a district court to verify at sentencing "that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." FED. R. CRIM. P. 32(i)(1)(A). In contrast to this provision, Rule 32(i)(4)(A)(ii) requires the district court to "address the defendant *personally*" in a different context: "in order to permit the defendant to speak or present any information to mitigate the sentence." FED. R. CRIM. P. 32(i)(4)(A)(ii) (emphasis added).

The difference in language between these two provisions suggests that the

5

Rule's drafters did not intend to impose a requirement that the district court personally address the defendant when inquiring whether he and his attorney have read and discussed the PSI. *See United States v. Aleman*, 832 F.2d 142, 144 (11th Cir. 1987) (citing a previous version of Rule 32 and holding that the district court only was required to allow the defense "some opportunity to comment" regarding inaccuracies in the PSI, rather than personally interrogating the defendant). Furthermore, in *Aleman*, we cited with approval two sister circuit cases which held that the district court did not need to personally address the defendant in determining whether he had read and discussed the PSI with counsel. *Id.* (citing *United States v. Mays*, 798 F.2d 78, 80 (3d Cir. 1986) and *United States v. Sambino*, 799 F.2d 16, 17 (2d Cir. 1985) (per curiam)).

Again, the parties have not cited, and research does not reveal, any binding case law requiring a district court to personally address the defendant to determine whether he read and discussed the PSI with counsel, and other circuits are split on the issue. *See United States v. Romero*, 491 F.3d 1173, 1179-80 & n.3 (10th Cir. 2007) (noting a circuit split on the issue).

The district court did not plainly err in failing to personally address Martinez to determine whether he had read and discussed the PSI with counsel. Notably, the district court confirmed with defense counsel that counsel read the PSI and

reviewed it with Martinez, and no binding case law or uniform line of persuasive case law indicates that the court's failure to personally address Martinez was erroneous. In addition, no prejudice is apparent from this alleged error. Thus, we hold that no plain error occurred in this regard.

### III.

Next, Martinez argues that the district court plainly erred in failing to properly address his statement at sentencing that he wished to go to trial. After Martinez stated that he wished to go to trial because he was not presented with the PSI, the court explained to Martinez that if Martinez were to withdraw his guilty plea, he would go to trial and could get a much longer term of imprisonment. The court told Martinez that he should confer with counsel about the matter. After a brief recess, defense counsel advised the court that he had spoken with Martinez who now understood the situation better. When the court asked Martinez if he wished to make any additional statements, Martinez stated that he did not.

"A defendant who fail[s] to object to the Rule 11 Colloquy or move to withdraw his plea prior to sentencing, must show plain error on appeal." *United States v. Chubbuck*, 252 F.3d 1300, 1302 (11th Cir. 2001).

In general, a defendant may withdraw his guilty plea after the court accepts the plea, but *before it imposes sentence*, if he "can show a fair and just reason for

7

requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B).  In determining whether a defendant has shown a fair and just reason, the district court must evaluate the totality of the circumstances to determine whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003).

If a party voluntarily withdraws a motion during criminal proceedings, there is nothing left for us to review because he has waived the issue. *See United States v. Montoya*, 782 F.2d 1554, 1556 (11th Cir. 1986) (per curiam).  It would not "countenance the practice of 'sandbagging' the district court by withdrawing a motion for mistrial, after consideration and consultation between attorney and client, and then arguing on appeal that reversible error resulted from the court's failure to declare a mistrial." *Id.*; *see also United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) (noting that a party waives an error, such that it is not subject to appellate review, if he intentionally relinquishes or abandons a known right).  For example, we have held that waiver applied, and refused to conduct plain error review, where a defendant withdrew his objection to an upward departure at sentencing. *United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir.

8

1997).

Rule 11(c)(1) provides that "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions." FED. R. CRIM. P. 11(c)(1). "Rule 11's prohibition on court participation in plea negotiations is designed to entirely eliminate judicial pressure from the plea bargaining process." *United States v. Diaz*, 138 F.3d 1359, 1362 (11th Cir. 1998). A district court's role is to evaluate a plea agreement once the parties disclose it in open court, and, prior to that time, a court should not comment on proposed plea agreements because such statements "are indications of what the judge will accept, and one can only assume that they will quickly become the focal point of further discussions." *Id.* at 1363 (quotation omitted). Rule 11 also prohibits the discussion of "the penal consequences of a guilty plea as compared to going to trial" because such statements are "inherently coercive, no matter how well-intentioned." *United States v. Johnson*, 89 F.3d 778, 783 (11th Cir. 1996).

We apparently never have applied Rule 11(c)(1), as opposed to Rule 11(d), to post-plea proceedings, including exchanges related to a motion to withdraw a guilty plea, and other circuits are split on the issue. *Compare United States v. Garfield*, 987 F.2d 1424, 1426-27 (9th Cir. 1993), *with United States v. Cannady*,

9

283 F.3d 641, 646 (4th Cir. 2002).

The district court did not plainly err in addressing Martinez's statement at sentencing that he wished to go to trial. First, to the extent that his statement constituted a motion to withdraw his guilty plea under Rule 11(d), he voluntarily withdrew that motion, and, accordingly, has waived appellate review of that issue. Second, the district court's comments at sentencing following Martinez's vague request to go to trial did not constitute plain error under Rule 11(c) because there is no binding case law on the issue, other circuits are split on the issue, and he does not establish prejudice with regard to the comments. We thus discern no reversible error here.

CONCLUSION

Therefore, we affirm Martinez's sentences.[1]

**AFFIRMED.**

---

[1] Martinez argues that the cumulative effect of the three errors he alleges on appeal requires reversal of his sentences. *See United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005) (referencing the cumulative error doctrine). Even assuming *arguendo* that the cumulative error doctrine applies in the sentencing context, we affirm his sentences because he has not established any plain error regarding the sentencing proceedings and he has not established that he was prejudiced, such that his sentence was affected, by any of the claimed errors. Notably, he received a total sentence of time served on counts 1 and 2 and a consecutive mandatory minimum total sentence of 24 months' imprisonment on counts 3 through 8.