# UNITED STATES of America

## v.

## David Wayne HULL, Appellant.

## No. 07–3736.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2009.

Filed: Nov. 4, 2009.

---

Laura S. Irwin, Esq., Pittsburgh, PA, for Appellee.

BEFORE: SMITH, FISHER, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

After we vacated one count of conviction, the District Court re-sentenced Appellant David Wayne Hull to one hundred and thirty months imprisonment. Hull again appeals, arguing that the District Court erred by failing to give him an opportunity to review his presentence report. Finding no error, we will affirm the District Court.

### I.

David Wayne Hull is the admitted Imperial Wizard of the Ku Klux Klan. He was arrested in February of 2003 and eventually indicted and charged with numerous violations of Federal law pertaining to firearms and explosives. He was found guilty on seven of ten counts and originally sentenced to one hundred and forty-four months imprisonment. Appealing this conviction for the first time, we vacated his conviction at Count Seven and affirmed on all the remaining counts of the indictment. We remanded the case for re-sentencing. In September of 2007, the District Court reduced Hull's sentence to one hundred and thirty months imprisonment. Hull appeals once more, this time raising two points of error in the District Court's new sentence. We find each argument meritless and will affirm the sentence.

### II.

Hull first argues the District Court erred plainly when it failed to *sua sponte* allow Hull to review the pre-sentence report prepared in his case before he was re-sentenced. More accurately, Hull argues that the District Court erred in not permitting him to review for the second time the presentence report. This was the same, unaltered presentence report he admitted to reviewing prior to his first sentencing and acknowledged discussing with his lawyer. Additionally, this is the same presentence report Hull failed to object to at his original sentencing proceeding.

Fed.R.Crim.P. 32(c)(3)(A) requires that a district court "verify that the defendant and defendant's counsel have read and discussed the presentence report" prior to sentencing. *United States v. Stevens*, 223 F.3d 239, 241 (3d Cir.2000). We have never interpreted this Rule as imposing an "absolute requirement" that a district

court personally inquire if a defendant has had an opportunity to read the report and discuss it with his or her lawyer. *United States v. Mays*, 798 F.2d 78, 80 (3d Cir. 1986). Even were such an inquiry an absolute requirement, our review of the record satisfies us that Hull and his counsel were fully aware of the information contained in the presentence report, both at his first sentencing hearing and at his second proceeding.

At his first sentencing, Hull was specifically asked by the District Court whether he had read the report and Hull indicated that he had. Hull's counsel also demonstrated familiarity with the presentence report. Hull also was asked by the District Court at his second sentencing hearing whether Hull had reviewed the presentence report. After first denying that he had received it, Hull retracted that statement and indicated that he had indeed reviewed the report. The District Court also correctly noted at the second sentencing hearing that Hull had made numerous objections to the presentence report and that each of the objections had been ruled on. Our opinion vacating one of Hull's counts of conviction did not affect Hull's prior objections to or the District Court's ruling on the presentence report.

Because Hull did not object to the presentence report prior to his sentencing hearing, we may vacate Hull's sentence only if we find plain error that was prejudicial. *See United States v. Olano*, 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We find no error on this record and affirm the sentence imposed by the District Court.

### III.

Hull's final issue on appeal need not detain us long. Hull attempts to raise an ineffective assistance of counsel claim based on his lawyer's failure to object to the District Court's purported error in not giving Hull an opportunity to review his presentence report. Our jurisprudence is clear that we do not review claims of ineffective assistance of counsel on direct appeal except under very narrow circumstances where there is clear evidence in the record of both deficient performance and prejudice requiring no further factual development. *See United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir.2003); *see also Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to determining the adequacy of representation during an entire trial."). We find no extraordinary circumstances that would counsel us to review this claim on direct appeal.

### IV.

In conclusion, for the reasons stated above, we will affirm the sentence, without prejudice to Hull's right to raise the ineffective assistance of counsel claim in collateral proceedings.