NOT PRECEDENTIAL

UNITES STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3259
_____

UNITED STATES OF AMERICA,

v.

TYQUANN BROWN, a/k/a Q


Tyquann Brown,
                                        Appellant

_____

Appeal from the District Court for the Middle District of Pennsylvania
(Crim. No. 1-07-cr-00251-003)
District Judge: Honorable Christopher C. Connor, Judge

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, May 23, 2011

Before: McKEE, Chief Circuit Judge, SCIRICA and GARTH, Circuit Judges

(Opinion filed: July 20, 2011)

OPINION

McKEE, Chief Judge.

    Tyquann Brown appeals the sentence that was imposed for his conviction for

distributing crack cocaine and possessing that controlled substance with intent to

manufacture and distribute it in violation of 21 U.S.C. § 841(a)(1).[1] He argues that the

district court failed to comply with Fed. R. Crim. P. 32(i)(1)(A), and he also challenges

the court's determination of the quantity of drugs his sentence was based upon. For the

reasons set forth below, we affirm.

I.

Because we write primarily for the parties, we need not engage in a lengthy

recitation of the facts. Brown argues that the district court violated Federal Rule of

Criminal Procedure 32 because it did not determine if he and his attorney had read and

discussed his presentence report.

Rule 32(i)(1)(A) requires a sentencing court to "verify that the defendant and the

defendant's attorney have read and discussed the presentence report and any addendum to the

report." In addition, "for any disputed portion of the presentence report or other controverted

matter," the court must "rule on the dispute or determine that a ruling is unnecessary either

because the matter will not affect sentencing, or because the court with not consider the matter in

sentencing." Fed. R. Crim. P. 32(i)(3)(B).[2]

We have held that a district court need not directly inquire whether defense

counsel has reviewed the pre-sentencing report with his client; instead, "the court need

only *somehow* determine that the defendant has had this opportunity." *United States v.*

*Mays*, 798 F.2d 78, 80 (3d Cir. 1986).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] Instead of referring to Rule 32(i)(3)(B), Brown cites U.S.S.G. § 6A1.3(b), which imposes the same requirement: "The court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(i), Fed. R. Crim. P."

The record establishes that Rule 32's requirements were met: Defense counsel's letter regarding the objections to the pre-sentence report provided sufficient evidence for the district court to conclude that defense counsel read the investigation report. In fact, counsel read the investigation report in enough detail to object to a specific paragraph in the pre-sentence report. Moreover, the letter states that "Mr. Brown objects" to certain portion of the report, and it is therefore logical to conclude that Brown's counsel discussed the report with him. *See* JA22a (letter from counsel). Although counsel later abandoned the claims he initially raised in this letter for reasons that are unclear from the record, that does not mean that the attorney did not read or review the presentence report with the defendant.

Therefore, we hold that there the district court complied with Rule 32.

## II.

In addition to his Rule 32 objection, Brown now attempts to pursue the claim that his counsel abandoned at his sentencing hearing, namely, that the amount of drugs used to calculate his sentence is incorrect.

Brown's co-defendants were found in possession of $25,000 that they confessed they intended to use to purchase one kilogram of crack cocaine in Atlanta. In the sentencing report, that kilogram was attributed to Brown. Brown now argues that the government failed to meet its burden under U.S.S.G. § 2D1.1 regarding the calculation of the amount of crack cocaine that he and his co-defendants intended to and were capable of buying with the $25,000 they possessed.

Note 12 to § 2D1.1 provides that:

3

> In an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution is used to calculate that amount. However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.

U.S.S.G. § 2D1.1 n.12. "[T]he government generally bears the burden of proving the weight of drugs under negotiation . . . ." *United States v. Raven*, 39 F.3d 428, 432 (3d Cir. 1994) (citing *United States v. McCutchen,* 992 F.2d 22, 25 (3d Cir.1993)). "The government can meet this burden by referring to the presentence investigation report, which, if 'unchallenged by the defendant is, of course, a proper basis for sentence determination.' *Id.* at 434 (quoting *United States v. McDowell,* 888 F.2d 285, 290 n. 1 (3d Cir.1989)).

Here, the amount set forth in the presentence investigation report went unchallenged. Although Brown's counsel initially sent a letter protesting the amount, he abandoned that claim when he failed to file any brief supporting his argument to the district court, and, at the sentencing hearing, he acknowledged that there were no "present" objections.

Even if Brown were permitted to challenge this amount now, he could not satisfy his burden of producing some evidence that the amount submitted by the government is incorrect. As we explained in *Raven*,

> [T]he defendant who wishes to be found responsible for a lesser amount of drugs must come forward with evidence supporting the proposition that he or she lacked both the intent and the reasonable capability to produce the drugs in question. . . . In order to meet this

4

burden of production, the defendant may cast a different light on the government's evidence, elicit evidence of his or her own during cross examination of any witnesses offered by the government, or present other evidence suggesting lack of intent and lack of reasonable capability.

*Id.* at 434-35.

Here, Brown merely attacks the credibility of his co-defendants statements that they intended to buy a kilogram of crack cocaine. The district court's calculation of the drugs chargeable to Brown was based on those statements.[3] He also argues that there was "nothing in the record to support a finding that Mr. Brown, through co-defendant [Latacha Renee]Thompson [who intended to drive to Atlanta to buy the crack cocaine], was capable of producing any illegal narcotics with the $25,000 seized." Appellant's Br. at 15.

These arguments are unpersuasive. The PSR drug-quantity estimate was based on his co-defendants' confessions that Thompson was en route to purchase a kilogram of cocaine on Brown's behalf. That estimate was accepted by the district courts that sentenced two of his co-defendants, both of which courts found, for the purposes of determining the appropriate guidelines range, that the amount attributable to each defendant was between 500 and 1,500 grams. According to the guidelines in force at the time of sentencing, offenses involving a cocaine-base quantity within that range corresponded to an offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3) (2009). Furthermore, Brown did not prove that he lacked both the intent and reasonable capacity to obtain or distribute that quantity, which he was required to do to rebut the government's proffered estimate. *See Raven*, 39 F.3d at 434. Therefore, in light of that reliable evidence of drug quantity, to which Brown did not object at sentencing, there was ample basis

for the District Court to accept the drug quantity reported in the PSR.  As such, we reject his challenge to his guidelines calculation.

III.

For the reasons stated above, we affirm the District Court's sentence.