**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3689

_____

UNITED STATES OF AMERICA

v.

NICHOLAS RIVERA,
a/k/a Nike

Nicholas Rivera,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-14-cr-00175-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on March 19, 2019

Before:  SHWARTZ, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion filed:  April 4, 2019)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Nicholas Rivera appeals his sentence on the grounds that the District Court erroneously applied the career-offender enhancement under § 4B1.1 of the United States Sentencing Guidelines and that it violated Federal Rule of Criminal Procedure 32(i)(1)(A) by failing to verify that he reviewed the Presentence Report (PSR) with his counsel. For the reasons that follow, we will affirm.

## I.    Background

Rivera pleaded guilty to a one-count superseding information charging him with distribution and possession with intent to distribute heroin and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). At Rivera's sentencing hearing, the District Court applied the career-offender enhancement based on his two prior state convictions for possession with intent to distribute narcotics in violation of 35 Pa. Stat. Ann. § 780-113(a)(30). As a result, Rivera's Guidelines range was 151-188 months' imprisonment, and the District Court sentenced him to the bottom of the range. Rivera timely appealed.

On July 5, 2018, a motions panel of this Court granted Rivera's counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), but directed that new counsel be appointed to address, *inter alia*, "whether use of the word 'delivery' in [35 Pa. Stat. Ann.] § 780-113(a)(30) makes the statute potentially broader than the generic controlled substance offense defined by the U.S. Sentencing Guidelines, which does not contain that term." Order, *United State v. Rivera*, No. 15-3689 (3d Cir. July 5, 2018). However, in the time between the issuance of that order and Rivera's filing of his

2

opening brief, we issued our opinion in *United States v. Glass*, where we held that "because [35 Pa. Stat. Ann.] § 780-113(a)(30) does not sweep more broadly than [U.S.S.G.] § 4B1.2, it is a 'controlled substance offense' and may serve as a predicate offense to a career-offender enhancement under § 4B1.1." 904 F.3d 319, 324 (3d Cir. 2018).

## II. Discussion[1]

Rivera makes two arguments on appeal, both of which are unavailing.

*First*,[2] recognizing that his argument about the supposed differing scope of "delivery" under Pennsylvania law and federal law is now foreclosed by *Glass*, Rivera contends that *Glass* failed to consider the significance of *Commonwealth v. Donahue*, 630 A.2d 1238 (Pa. Super. Ct. 1993); that *Donahue* demonstrates that Pennsylvania's definition of "delivery" reaches "a wider range of conduct" than its federal counterpart, "including, most notably, mere offers to buy or sell controlled substances"; and that we therefore should "reconsider and abrogate" *Glass*, Appellant's Br. 11-12. We decline this invitation.

As a threshold matter, "the holding of a panel in a precedential opinion is binding on subsequent panels" absent intervening authority, which *Donahue* is not. 3d Cir. I.O.P. 9.1 (2018); *see United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009). And, in any

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] We exercise plenary review of an interpretation of the Guidelines and review factual findings for clear error. *See United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

event, we recently rejected Rivera's argument on the merits: In *United States v. Daniels*, we explained that *Donahue* does not undermine our conclusion in *Glass* that 35 Pa. Stat. Ann. § 780-113(a)(30) is no broader than the Guidelines' definition of a "controlled substance offense" because the Guidelines definition, too, "applies not only to a statute that bars distribution of controlled substances, but also to 'the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.'" *Daniels*, 915 F.3d 148, 152, 163-64 (3d Cir. 2019) (emphasis removed) (quoting *Glass*, 904 F.3d at 322, and U.S.S.G. § 4B1.2 cmt. n.1).[3]

*Second*, Rivera argues, concededly on plain error review, that the District Court erred by failing to comply with Rule 32(i)(1)(A), which provides, "[a]t sentencing, the court: (A) must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). A party claiming plain error must prove that (1) the court erred; (2) the error was plain; and (3) it "affect[ed] substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993). For "substantial rights" to be affected, "'the error must have been prejudicial,' that is, '[i]t must have affected the outcome of the district court

---

[3] In *Donahue*, the Pennsylvania Superior Court affirmed the appellant's conviction as an accomplice for a violation of 35 Pa. Stat. Ann. § 780-113(a)(30), *see Donahue*, 630 A.2d at 270-72, and as we noted in *Daniels*, "Pennsylvania's law of accomplice liability . . . is essentially identical to the federal approach to liability for aiding and abetting," 915 F.3d at 164; *see also* Model Penal Code § 2.06(3). Thus, if anything, *Donahue* illustrates that the elements that must be proven for a conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) based on accomplice liability are co-extensive with those required under federal law, reinforcing our holding in *Glass* that a conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) categorically qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2.

4

proceedings.'" *United States v. Stevens*, 223 F.3d 239, 242 (3d Cir. 2000) (alternation in original) (quoting *Olano,* 507 U.S. at 734). In addition, the error must "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (en banc) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

We "ha[ve] declined to interpret Rule 32[(i)(1)(A)] as creating 'an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report and discuss it with counsel,'" and "[i]nstead, . . . have allowed for a more functional fulfillment of the rule, requiring only that the district court 'somehow determine that the defendant has had this opportunity.'"[4] *Stevens*, 223 F.3d at 241 (quoting *United States v. Mays*, 798 F.2d 78, 80 (3d Cir. 1986)). Here, the Government argues that "functional" fulfillment of Rule 32(i)(1)(A) was achieved because, in advance of sentencing, Rivera's counsel submitted a letter to the U.S. Probation Office, which was attached as an addendum to the PSR, in which he raised certain objections to the PSR and asserted that "[he] and Mr. Rivera have reviewed your [PSR]," Gov't Br. 21, thereby demonstrating that "prior to the sentencing hearing, the district court had been advised in writing that defense counsel had reviewed the PSR with Rivera." Gov't Br. 21-22.

We agree with the Government. While Rule 32(i)(1)(A) requires that the district court verify "[a]t sentencing" the defendant's review and discussion of the PSR with counsel, we did not specify in *Stevens* that the court must fulfill the Rule's requirements

---

[4] At the time of *Stevens*, the PSR verification requirement was codified as Rule 32(c)(3)(A).

at the sentencing hearing itself; rather, we stated that Rule 32(i)(1)(A) requires the court to do so "before imposing sentence." 223 F.3d at 241. And the District Court complied with that obligation here: Based on Rivera's counsel's submission, the Court was able to verify in advance of sentencing that Rivera reviewed the PSR with his counsel. Moreover, at the sentencing hearing itself, the District Court implicitly acknowledged that fact by noting that Rivera had submitted objections to the PSR. We therefore perceive no error on the part of the District Court, much less "plain error."[5]

Accordingly, we will affirm the sentence imposed by the District Court.

---

[5] Even assuming error, moreover, Rivera has not demonstrated prejudice or the denial of substantial rights. *See Stevens*, 223 F.3d at 246 (holding that a Rule 32(i)(1)(A) error does not constitute a "structural defect" and will not be corrected "[i]n the absence of any showing of prejudice or the denial of substantial rights caused by th[e] error").