NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4827
_____

UNITED STATES OF AMERICA

v.

SANTIAGO SALINAS-CORTEZ,
                                        Appellant


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 2-06-cr-00115-003
(Honorable Juan R. Sanchez)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2010

Before:  SCIRICA, STAPLETON and ROTH, *Circuit Judges*.

(Filed : December 14, 2010)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

      Defendant Santiago Salinas-Cortez  pleaded guilty to conspiracy to possess with

intent to distribute five kilograms or more of cocaine, and to possession with intent to

distribute. Salinas-Cortez was sentenced to 156 months in prison. He appealed arguing the sentencing guideline calculation did not properly include a reduction for his minor role in the offense, and that the court did not rule on this issue. We will vacate and remand for resentencing.[1]

I.

Salinas-Cortez conspired along with codefendant Aguirre de Leon to distribute cocaine from Mexico to a customer in Allentown, Pennsylvania. Salinas-Cortez and Aguirre de Leon met with the customer in a warehouse in the Allentown area and exchanged the drugs for payment in cash. After the transaction was consummated, surveillance police officers stopped both parties after they had committed several traffic violations, and the officers recovered approximately 200 kilograms of cocaine and $160,329 in cash.

Salinas-Cortez was charged with one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine, 21 U.S.C. § 846 (Count I), and one count of possession with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(a), and 18 U.S.C. § 2 (aiding and abetting) (Count II). In September 2006, he pleaded guilty to both counts. In January 2007, the District Court sentenced Salinas-Cortez to 156 months in prison. Salinas-Cortez challenges his sentence arguing

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

that the District Court committed procedural error in not ruling on his request for a two-level reduction based on his role in the offense. U.S.S.G. § 3B1.2. [2]

## II.

Salinas-Cortez contends his request for a two-level reduction, as an alternative argument to the request for the four-level reduction, was colorable, and deserved the court's express consideration. He argues he was a minor participant, who held no decision-making role, and there was no evidence that he would have been entitled to a significant portion of the proceeds. As noted, Salinas-Cortez claims the court erred in failing to address the two-level reduction claim, and that we should remand for resentencing, when the District Court will have the opportunity to consider and address this requested reduction.

The District Court adopted the presentence report which concluded that Salinas-Cortez was not a minimal or a minor participant and was not entitled to a two, three, or four-level reduction under U.S.S.G. § 3B1.2. The probation report concluded that Salinas-Cortez's multifaceted role in the offense was not consistent with that of a "mule," and that his overall knowledge and participation in the drug trafficking conspiracy did not make him less culpable than similarly situated individuals involved in the drug trafficking conspiracy.

---

[2] A district court "must – for any disputed portion of the presentence report or any other controverted matter – rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

We recognize the able trial court adopted the presentence report, which rejected defendant's assertion of designation of minimal or minor participant. We also recognize the court explicitly rejected the four-level reduction. Furthermore, we recognize the court considered "the nature of the defendant's relationship to other participants, the importance of his actions to the success of the enterprise and his awareness of the nature and scope of the criminal conspiracy – the criminal enterprise," and concluded that "the defendant's participation and role in this criminal enterprise was significant." Nevertheless, the court made no determination on the two-level reduction. [3]

---

[3] While addressing the defendant's objections, the court stated the following:

> In determining whether the defendant in this case qualifies for a minor role, I must consider all relevant conduct and not merely the defendant's in assessing his relative culpability.
> And the courts in the Third Circuit have found that the culpability of the defendant must depend necessarily on such factors as the nature of the defendant's relationship to the other participants, the importance of his actions to the success of his enterprise and his awareness of the nature and the scope of the criminal conspiracy – the criminal enterprise.
> I find that the defendant's participation and role in this criminal enterprise was significant and that he is not entitled to a four-level downward adjustment within the guidelines.
> Therefore, your objection is overruled and the guidelines calculations as set out in the presentence investigation report will be adopted and incorporated into my sentence.
> So, therefore, based on the arguments that I've heard, I will fully adopt and credit the factual findings on the presentence investigation report as well as the guidelines calculation reflected in the presentence investigation report. Having ruled on the one single objection that remained in this case, I will now proceed to listen to any witnesses that you may want to offer in support of your client or arguments, if you wish to argue again or make different arguments than you already have made.

In *United States v. Sevilla,* 541 F.3d 226, 229 (3d Cir. 2008), the district court did not address the defendant's arguments related to his childhood or the crack/powder cocaine disparity. We found procedural error, and vacated and remanded for resentencing, without addressing the issue of substantive reasonableness. *Id.* at 230. We stated in *Sevilla* that "[t]he court need not discuss every argument made by a litigant if the argument is clearly without merit." *Id.* at 232. "On the other hand, a rote statement of the 18 U.S.C. § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided that it has a factual basis), and the court fails to address it." *Id.* We note, of course, that the trial court here did not make a rote statement and that it may have simply inadvertently overlooked closing the circle on the two-level reduction request. Nevertheless, under the particular circumstances of this case, we think there should be a finding on the two-level reduction request.

In *United States v. Stuart,* 22 F.3d 76, 81 (3d Cir. 1994), the defendant argued he was entitled to at least a two or three-level downward adjustment of the sentencing guidelines, as an alternative argument to his primary claim that he was a minimal participant entitled to a four-level reduction. "The district court found that Stuart was not a *minimal* participant, but did not explicitly rule on whether his participation could be classified as *minor*." *Id*. We remanded "for the district court to consider whether Stuart was a 'minor' participant under [U.S.S.G. §] 3B1.2(b), entitling him to a two-level

5

adjustment, or whether his conduct fell somewhere in between subsections (a) and (b), warranting a three level decrease." *Id.* at 82.

We do not suggest that a sentencing judge cannot properly rely on an adoption of proposed findings in the presentence report to explain his ruling on a disputed issue, when the record makes clear that the judge has focused on that disputed issue and has independently reached the same conclusion as the presentence report.[4] Here, however, the record does not clearly establish that the District Court decided the two-level issue and intended the presentence report to serve as an explanation of his ruling on that issue.

Accordingly, we believe there was procedural error and on remand the court should address Salinas-Cortez's request for a two-level reduction as a minor participant in the offense. Of course, we express no opinion on the proper determination.

### III.

For the foregoing reasons, we will affirm the judgment of conviction, vacate the sentence and remand for the District Court to consider whether Salinas-Cortez was a "minor" participant under U.S.S.G. § 3B1.2(b).

---

[4] Our ruling in *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007), implies that it is appropriate to rely on presentence report findings to determine whether a defendant is entitled to an adjustment of the sentencing guidelines.