PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1580
_____


UNITED STATES OF AMERICA

v.

SANTIAGO SALINAS-CORTEZ
Appellant

On appeal from the United States District Court
For the Eastern District of Pennsylvania

District Court No. 2-06-cr-0115-003

District Judge:  The Honorable Juan R. Sanchez
Submitted Pursuant to Third Circuit L.A.R. 3.1(a)
October 4, 2011

Before:  MCKEE, *Chief Judge*, FUENTES and COWEN
*Circuit Judges*

(Filed: November 8, 2011)

David L. McColgin, Esq.
Defender Association of
Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center, Suite 540
West
Philadelphia, PA 19106-0000

*Counsel for Appellant*

Kevin R. Brenner, Esq.
Office of United States
Attorney
Room 8122
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Bernadette A. McKeon, Esq.
Office of United States
Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

*Counsel for Appellee*

_____

OPINION
_____

MCKEE, *Chief Judge*.


In *United States v. Pepper*, 562 U.S. ___, 131 S.Ct.
1229 (2011), the Supreme Court held that, once the original
sentence is set aside on appeal,  a district court could

consider postsentencing rehabilitation in determining an appropriate sentence on remand, unless the court ordering the remand explicitly precludes consideration of such evidence.

Here, we vacated Salinas-Cortez's original sentence because the district court did not address his request for a "minor role adjustment," and we remanded for the district court to consider that claim in calculating the applicable range under the advisory Sentencing Guidelines. During the sentencing hearing that followed, Salinas-Cortez also asked the district court to consider the efforts he had made toward rehabilitation since he was sentenced. The district court refused to do so because the court believed that its authority on remand was limited to addressing the request for a minor role adjustment. After rejecting Salinas-Cortez's request to consider his postsentencing rehabilitation, the court reimposed the original sentence.

Approximately one week later, the Supreme Court decided *Pepper*. We are now asked to decide if the district court erred in rejecting evidence of postsentencing rehabilitation as permitted in *Pepper*. For the reasons that follow, we hold that the district court did err and we will therefore vacate the sentence once again and remand for resentencing.

## I.

The district court initially sentenced Salinas-Cortez after accepting his guilty plea to one count of conspiracy to possess more than five kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 846, and one count of possession of five kilograms or more of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(a) and 18 U.S.C. § 2 (aiding and abetting).

At that sentencing, Salinas-Cortez requested a sentence reduction of four levels (or in the alternative, two levels) pursuant to U.S.S.G. § 3B1.2. The request was based on his claim that he was a minimal and/or minor participant in the distribution conspiracy, that he did not

3

have a decision-making role, and was not entitled to a significant portion of the proceeds from the drug sales.[1]

The Presentence Report concluded that Salinas-Cortez had been more than a minimal or minor participant and that he was therefore not entitled to any reduction under U.S.S.G. § 3B1.2. The district court adopted the Presentence Report, but did not expressly rule on Salinas-Cortez's request for a reduction as a minor participant. The court then imposed a sentence of 156 months of incarceration, and Salinas-Cortez appealed.

As we noted at the outset, on appeal, Salinas-Cortez argued that the district court had committed procedural error by not expressly ruling on his colorable request for a two-level reduction. We agreed and vacated the sentence. In doing so, we reaffirmed that a sentencing judge is free to adopt the proposed findings in a Presentence Report. *See United States v. Sevilla,* 541 F.3d 226, 229 (3d Cir. 2008). However, we were concerned that "the record [did] not clearly establish that the District Court [independently] decided the two-level issue and intended the presentence report to serve as an explanation of [the court's] ruling on that issue[.]"

Salinas-Cortez does not now challenge the district court's rejection of his request for a reduction for being a minor participant. Rather, his sole argument here is that the district court erred in refusing to consider any evidence of his postsentencing rehabilitation on remand as permitted by *Pepper*.

---

[1] *See* U.S.S.G. § 3B1.2(a) and (b) (A defendant is a "minimal participant" entitled to a four-level reduction in sentencing if he is plainly among the least culpable of those involved in the conduct because he lacked sufficient knowledge or understanding of the scope and structure of the criminal enterprise. Alternatively, a defendant is a "minor participant" entitled to a two-level reduction in sentencing if he is less culpable than most other participants but he can not be considered a "minimal participant" in the criminal enterprise.).

## II.

In *Pepper*, Jason Pepper pled guilty to conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §846. 131 S. Ct. at 1236. The district court sentenced him to a 24-month prison term, which was approximately a 75 percent downward departure from the low end of the Guidelines range.[2] *Id.* The Government appealed the sentence and the Court of Appeals for the Eighth Circuit reversed and remanded for resentencing pursuant to *United States. v. Booker*, 543 U.S. 220 (2005). *Id.* However, Pepper served his sentence and had been released prior to resentencing. *Id.*

At the subsequent resentencing hearing, Pepper presented substantial evidence of postsentencing rehabilitation, and the district court then reimposed the original sentence of 24 months of imprisonment based on its conclusion that no federal sentencing policy would be advanced by returning Pepper to prison. *Id.* at 1237.

The Government again appealed arguing that the sentence was too lenient, and the Court of Appeals again reversed after concluding that the district court erred in considering Pepper's postsentencing rehabilitation on remand. *Id.*[3] Pepper appealed, and the Supreme Court

___

[2] "Pepper's sentencing range under the Guidelines was 97 to 121 months. The Government moved for a downward departure pursuant to USSG § 5K1.1 based on Pepper's substantial assistance and recommended a 15 percent downward departure." *See Pepper*, 131 S. Ct. at 1236.

[3] The Supreme Court explained: "the Court of Appeals rejected Pepper's argument that the District Court erred in refusing to consider his postsentencing rehabilitation. The court acknowledged that Pepper made significant progress during and following his initial period of imprisonment and commended Pepper on the positive changes he has made in his life, but concluded that Pepper's argument was foreclosed by Circuit precedent [precluding reliance

5

granted *certiorari* to decide two questions. The Court defined the first of the two issues as: "whether a district court, after a defendant's sentence has been set aside on appeal, may consider evidence of a defendant's postsentencing rehabilitation to support a downward variance when resentencing the defendant." *Id*. at 1239.

In resolving that issue, the Supreme Court emphasized that it "has long recognized that" "the fullest information possible concerning the defendant's life and characteristics" "is 'highly relevant – if not essential – to the selection of an appropriate sentence.'" *Id*. at 1240 (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)). Indeed, as the *Pepper* Court explained, Congress codified this principle at 18 U.S.C. § 3661, which provides that "no limitation shall be placed on the [sentencing court's consideration of] information concerning the background, character, and conduct" of a defendant. *Id*. The Court also noted that § 3553(a) requires consideration of a defendant's history and characteristics. *Id*. at 1242.

The reason for such consideration is readily apparent. Appropriate sentences can only be imposed when sentencing courts "consider the widest possible breadth of information about a defendant." *Id*. at 1240. It is only then that we can "ensure[] that the punishment will suit not merely the offense but the individual defendant." *Id*. As we have previously explained, the now advisory Guideline range is but one of many factors that must be considered if a court is to properly impose a sentence that is tailored to the offender rather than one that focuses only on the offense. *See United States v. Tomko,* 562 F.3d 558, 567 (3d Cir. 2009) (When sentencing, "it is essential that district courts make an 'individualized assessment based on facts presented.'") (quoting *Gall v. U.S*., 552 U.S. 38, 50 (2007)).

upon] post-sentencing rehabilitation [as] a permissible factor to consider in granting a downward variance." *Id*. At 1239 (internal citations omitted).

It is only by ensuring that the individual circumstances of the defendant are not obliterated by the offense that an individual's potential to successfully rejoin society is maximized and the interest of public safety advanced. Thus, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). This bedrock principle predates enactment of the Guidelines.

It should therefore not be surprising that a defendant's postsentencing rehabilitation may illuminate a defendant's character and assist the sentencing court in assessing who the defendant is as well as who s/he may become. Such information may, in some cases, be as significant in ascertaining the defendant's character and likelihood of recidivism as the defendant's conduct before s/he was forced to account for his/her antisocial behavior. *See Pepper*, 131 S. Ct. at 1242 (citing with approval *United States v. McMannus*, 496 F.3d 846, 853 (8th Cir. 2007) (Melloy, J., concurring) ("In assessing at least three of the Section 3553(a) factors, deterrence, protection of the public and rehabilitation, 18 U.S.C. §3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post-incarceration conduct.")).

Consequently, the Court concluded that postsentencing rehabilitation was a critical part of a defendant's history that can be relevant in assessing the likelihood of future criminal behavior. *Pepper*, 131 S. Ct. at 1242; *see also*, 18 U.S.C. § 3553 ("A district court to which a case is remanded . . . shall resentence a defendant in accordance with section 3553.").

Nevertheless, the Court in *Pepper* was also careful to note that, where appropriate, a reviewing court retains the authority to limit the scope of the sentencing hearing that will occur on remand. *Id.* at 1249 n. 17. However, given the Court's analysis, it is clear that such a limitation is the exception and not the rule, and district courts should not

7

infer any such limitation on remand. Rather, a limitation precluding the consideration of postsentencing rehabilitation must clearly appear on the face of the opinion or judgment vacating the original sentence and remanding for resentencing.

In explaining our decision and ordering the remand here, we stated:

> [W]e believe there was procedural error and on remand the court should address Salinas–Cortez's request for a two-level reduction as a minor participant in the offense. Of course, we express no opinion on the proper determination. . . . For the foregoing reasons, we will affirm the judgment of conviction, vacate the sentence and remand for the District Court to consider whether Salinas–Cortez was a "minor" participant under U.S.S.G. § 3B1.2(b).

*United States v. Salinas-Cortez*, 403 F. App'x. 686, 689 (3d Cir. 2010).

Despite the Government's argument to the contrary, this rather generic language is simply not sufficient to limit the district court's ability to consider evidence of postsentencing rehabilitation in fashioning an appropriate sentence on remand. Accordingly, we will once again vacate the sentence that was imposed and remand for resentencing.

8