NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1309
_____

UNITED STATES OF AMERICA

v.

RODERICK F. BAILEY,
                          Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1-06-cr-00157-004)
District Judge: Honorable David Stewart Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2011

Before:  RENDELL and AMBRO,  Circuit Judges
and JONES, II,* District Judge

(Opinion Filed: January 24, 2012 )
_____

OPINION OF THE COURT
_____

_____

* The Honorable C. Darnell Jones, II, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

JONES, II, <u>District Judge</u>.

On January 20, 2011, Appellant Roderick F. Bailey ("Bailey") was sentenced to serve two concurrent 178-month terms of imprisonment, followed by five years of supervised release, for his participation in an illegal drug ring.[1] Bailey now appeals his judgment of sentence. For the reasons set forth hereinbelow, that judgment will be vacated and the matter will be remanded for resentencing.

**I.**

We write primarily for the benefit of the parties and thus recount only the essential facts and procedural history.

Bailey was involved in criminal drug activity, which occurred between March 2004 and March 2006. Wiretap evidence collected on January 13, 2006 revealed communications between Bailey and another target of the investigation, Shawn Hall. (App. 22) Bailey had arranged to purchase cocaine from Hall and surveillance officers observed Bailey arriving at Hall's residence and leaving a short time later. (App. 22) After Bailey drove off, officers stopped him and ultimately seized 492.8 grams of cocaine from the vehicle. (App. 22-23) Bailey later admitted that on January 11, 2006, January 13, 2006, and February 7, 2006, he possessed cocaine with the intent to distribute it and that he was distributing between five (5) to fifteen (15) kilograms of cocaine in conspiracy with Hall and others. (App. 23-24).[2]

---

[1] Bailey's original judgment of sentence was amended on January 31, 2011 to correct defense counsel's name.

[2] These facts were directly admitted by Bailey during his Change of Plea Hearing.

As a result of these events, Bailey was charged by criminal indictment with: one count of Conspiracy to Distribute and Possess With the Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846; and three counts of Possession With Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and §841(b)(1)(C). Bailey pleaded guilty to same on November 2, 2006, and prior to sentencing filed a Sentencing Memorandum, wherein he argued that Recklessly Endangering Another Person was not a crime of violence for purposes of U.S.S.G. § 4B1.1 and that his criminal history was over-represented by reason of the "career offender" classification that had been assigned to him. (App. 28-30, 40-42)

On May 2, 2007, Bailey was sentenced to serve two concurrent 180-month terms of imprisonment, followed by one year of supervised release.[3] (App. 67) On January 24, 2008, Bailey filed a pro se Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, in which he argued that prior counsel was ineffective for failing to file a direct appeal from his judgment of sentence, and that prior counsel induced him to plead guilty by promising that he would not receive a term of imprisonment of more than 120 months. Counsel was appointed for purposes of that Motion and, upon stipulation by the government, Bailey's sentence was vacated and his appellate rights were reinstated. (App. 81) A second sentencing hearing was held on January 20, 2011, after which Bailey was resentenced to two concurrent 178-month terms of imprisonment, followed by five years of supervised release. (App. 103)

---

[3] Bailey's initial sentencing hearing commenced on April 23, 2007. However, as the court was in the process of imposing sentence, Bailey became ill and court was abruptly adjourned. On May 2, 2007, the parties reconvened and the court imposed sentence.

This appeal followed.

## II

Bailey raises one issue for this Court's consideration: whether the District Court committed error when it re-sentenced him without considering post-sentence rehabilitation evidence. The Supreme Court recently determined that "District courts post-*Booker* may consider evidence of a defendant's postsentencing rehabilitation at resentencing and such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v. United States,* 131 S. Ct. 1229, 1249 (U.S. 2011). In this case, we are unable to determine the extent to which, if any, the sentencing court considered such evidence. Therefore, "out of an abundance of caution and due deference to the Supreme Court's instructions in *Pepper*[,]" we will remand for re-sentencing. *United States v. Diaz,* 639 F.3d 616, 623 (3d Cir. 2011).

In reviewing a sentence, we assess it under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51(2007). Further, the sentencing court's factual findings are reviewed for clear error. *United States v. Lopez*, 650 F.3d 952, 959-960 (3d Cir. 2011) (citing *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007)). However, in cases such as this, where no objection was made regarding the sentencing issue currently contested, we "review only for plain error." *United States v. Miller,* 594 F.3d 172, 183 n.6 (3d Cir. 2010) (citing *United States v. Voelker,* 489 F.3d 139, 143 n.1 (3d Cir. 2007)).

At the time of Bailey's second sentencing, the court was presented with evidence of his employment, as well as activities he engaged in while incarcerated (including

additional classes he had taken). (App. 90-91) To wit, the defense offered the following

testimony:

> Counsel: Could you let the court know what you're doing to make effective use of your time while you've been there?
>
> Defendant: I've taken - - pretty much, this is my second institution of mine. I've pretty much done every class there is possible at FCI Elkton as well as FCI McKean. Even some graduate classes in regards to different programs that are available to me. I'm actually the clerk up at FCI Elkton on my unit where I do all the payroll and everything.
>
> Counsel: For the inmate workers.
>
> Defendant: For the inmate workers. I'm right next to the counselor and you know, I do all those - - doing those jobs to be trusted in that manner. So I haven't just wasted my time doing anything, and I try to be a positive influence to other inmates that are trying to do the right thing, you know, and to reunify their self back into the community - - integrate their self that want to get back into the community.

(App. 89-90)

Bailey informed the sentencing court that he had completed a 40-hour drug

program in the federal system, had completed some non-mandatory programs, and

intended to complete the 500-hour drug program when it became available to him.[4]

(App. 90-91) However, the sentencing court ultimately concluded that "not very much at

all has changed between the original sentencing and now" and, as such, the court

---

[4] We of course recognize that a defendant's self-expressed "intent" to do something cannot constitute rehabilitation evidence.

5

"incorporate[d] all of the reasons for its original sentence, including the finding that the defendant's - - that the sentencing guidelines, to some degree, overstated the defendant's criminal history." (App. 96-97, 102)

The government argues that Bailey has not preserved his rehabilitation evidence claim and that the same has therefore been waived for failure to ask the court to take rehabilitation into account when imposing sentence. (Appellee Br. 18)

Preliminarily, this Court notes that Bailey's resentencing occurred on January 20, 2011, and a final judgment of sentence was entered on January 31, 2011[5] - - while *Pepper* was still pending before the United States Supreme Court. Bailey's re-sentencing counsel filed an appeal on February 1, 2011, and the *Pepper* decision was rendered on March 2, 2011. Although Bailey's counsel did not specifically articulate to the sentencing court that she wished for rehabilitation evidence to be considered, she did present Mr. Bailey's testimony regarding that issue, in which he provided specific instances of the rehabilitation he had undergone while in federal custody. Moreover, the government acknowledged the fact that Bailey's counsel wished to advise the court of this information, by stating "[Bailey] wanted to come back and get a second bite at the apple to advise the court of the good things that he's done and the changes that he's made in his life and his family situation." (App. 95-96) Therefore, the issue of post-sentence rehabilitation evidence has been preserved.

Inasmuch as *Pepper* was not law at the time of Bailey's re-sentencing, counsel cannot be faulted for failing to further pursue the rehabilitation issue or object to the

---

[5] *See supra* note 1.

6

court's apparent failure to consider such evidence. Similarly, the trial court cannot be faulted for failing to apply a precept that was not in existence at the time of Bailey's re-sentencing. However, the law applied by the trial court is now contrary to that which exists as we consider this matter on appeal. Accordingly, the District Court's failure to consider rehabilitation evidence at Bailey's re-sentencing must be deemed "plain error." *See Johnson v. United States*, 520 U.S. 461, 468 (1997) ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal--it is enough that an error be 'plain' at the time of appellate consideration.").

As this Court recently noted, "[a]ppropriate sentences can only be imposed when sentencing courts 'consider the widest possible breadth of information about a defendant.' It is only then that we can 'ensure[] that the punishment will suit not merely the offense but the individual defendant.'" *United States v. Salinas-Cortez*, 660 F.3d 695, 698 (3d Cir. 2011) (quoting *Pepper,* 131 S. Ct. at 1240). In that same vein,

> [i]t is only by ensuring that the individual circumstances of the defendant are not obliterated by the offense that an individual's potential to successfully rejoin society is maximized and the interest of public safety advanced. Thus, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996). This bedrock principle predates enactment of the Guidelines.
>
> It should therefore not be surprising that a defendant's postsentencing rehabilitation may illuminate a defendant's character and assist the sentencing court in assessing who the defendant is as well as who s/he may become. Such information may, in some cases, be as significant in ascertaining the defendant's character and likelihood of recidivism as the defendant's conduct before s/he was forced to account for his/her antisocial

7

behavior. *See Pepper*, 131 S. Ct. at 1242 (citing with approval *United States v. McMannus*, 496 F.3d 846, 853 (8th Cir. 2007) (Melloy, J., concurring) ("In assessing at least three of the Section 3553(a) factors, deterrence, protection of the public and rehabilitation, 18 U.S.C. §3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post-incarceration conduct.")).

*Id.*

As indicated above, the sentencing judge herein determined that "[i]n the final analysis, not very much at all has changed between the original sentencing and now." (App. 102) He went on to discuss the change in law regarding the status of Bailey's prior convictions and, based upon this information, concluded that the sentencing guidelines "overstated the defendant's criminal history." (App. 102) Absent any indication that post-sentence rehabilitation evidence was considered by the court when re-sentencing Bailey, the matter must be remanded for re-sentencing in accordance with the mandates of *Pepper.* 131 S.Ct. 1229, 1249 (U.S. 2011).

## III

In view of the foregoing, we will remand for resentencing for the limited purpose of an on-the-record determination regarding the effect, if any, of Bailey's post-sentence rehabilitation on his sentence.