NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4454
_____

UNITED STATES OF AMERICA

v.

DERRICK STEVEN CLEMONS,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No 2-10-cr-00028-001)
District Judge: Honorable Arthur J. Schwab

Argued on January 12, 2012

Before:   McKEE, *Chief Judge*, FUENTES, and JORDAN, *Circuit Judges*

(Filed: September 26, 2012)

Elisa A. Long
Lisa B. Freeland        [ARGUED]
Office of Federal Public Defender
1001 Liberty Avenue - #1500
Pittsburgh, PA   15222
        *Counsel for Appellant*

Rebecca R. Haywood   [ARGUED]
David J. Hickton
Laura S. Irwin
Office of the United States Attorney
700 Grant Street - #4000
Pittsburgh, PA   15129

1

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

McKEE, *Chief Judge*.

Derrick Clemons appeals his criminal conviction for possession with the intent to distribute five grams or more of crack cocaine. He argues that the district court erred in denying his motion to suppress physical evidence, and in refusing to retroactively apply the provisions of the Fair Sentencing Act of 2010 ("FSA"), and that the court erred in denying counsel's motion that the court disqualify itself from hearing his case. For the reasons expressed below, we will affirm the denial of the motion to suppress and reverse the ruling on the FSA claim. We need not consider the claim that the district judge abused his discretion in refusing to disqualify himself from the proceedings.

## I. Background

Because we write primarily for the benefit of the parties, we assume familiarity with the facts and procedural history. We note only that prior to sentencing, Clemons asked the district court to retroactively apply the provisions of the FSA. The court refused and sentenced Clemons to a sixty-month term of imprisonment followed by a five-year term of supervised release. This appeal followed.

## II. Discussion

**A.** *Motion to Suppress*

Clemons challenges the district court's denial of his motion to suppress the evidence that was obtained through a strip search while he was in custody. After he was arrested and taken into custody pursuant to an outstanding warrant, police observed a large bulge under his pants and they then conducted a visual inspection of his anal and genital areas. They had information that, approximately five years earlier, Clemons had concealed controlled substances near his genitals. The visual inspection revealed packets of suspected controlled substances between his penis and scrotum. He now argues this was a strip search that was impermissible under the circumstances.

However, we need not reach the question of whether the police officers properly conducted a "strip search" under the Fourth Amendment. Even if we assume *arguendo* that the search was unconstitutional, the evidence is admissible under the doctrine of inevitable discovery. *See United States v. Stabile*, 633 F.3d 219, 245 (3d Cir. 2011). The inevitable discovery doctrine "considers what would have happened in the absence of the initial search." *United States v. Herrold*, 962 F.2d 1131, 1140 (3d Cir. 1992). Here, the large plastic baggie containing drugs secured to Clemons' genital area would have been found during the routine intake process that is conducted before anyone is admitted to a detention facility.

As we noted at the outset, Clemons was arrested on an outstanding arrest warrant. He was clearly going to be placed in a detention facility of some kind pending a bail determination, and he does not argue otherwise. It cannot seriously be argued that, under those circumstances, he would not have been placed in routine intake procedures that would have revealed that a baggie was secured between his penis and scrotum. Common

3

sense suggests that that would have aroused his jailers' curiosity and that they would have thought that just a wee bit peculiar—thus prompting further inquiry. That inquiry would have certainly disclosed the drugs. We therefore conclude that the district court did not err in admitting the drugs.

### B. *Sentencing*

To its credit, and in the finest tradition of representing the Government, the Assistant United States Attorney here has conceded that the district court erred by failing to conclude that the FSA was applicable in this case. *See Appellee Br*. at 39. Following the implementation of the FSA, the threshold for a mandatory sentence increased to 28 grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Because Clemons possessed 8.5 grams of crack cocaine, the mandatory minimum no longer applied to him.

The only dispute as to the FSA claim is whether this Court should remand for resentencing. A sentence calculated using an erroneous Guidelines range generally requires reversal, unless the miscalculation is harmless. *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008). The Government contends that no remand is necessary because the failure to apply the FSA constituted harmless error. We cannot agree.

Unless we can conclude that the district court would have imposed the same sentence using the correct Guidelines range, we must remand for resentencing. *Id.* at 215-16. The 60-month sentence imposed here falls within both the incorrect Guidelines range calculated using the mandatory minimum and the correct Guidelines range of 51 to 63 months. Thus, we cannot be sure that the district court would have imposed the same

4

sentence had it concluded that the FSA did apply. Where, as here, a sentence falls within both an incorrectly calculated range, and a correctly calculated range, we have no way of knowing if the trial court would have imposed the same number of months if it had started with the correct Guideline calculation. Accordingly, we will remand the case for resentencing.

### III. Conclusion

For the reasons expressed above we will affirm the denial of the motion to suppress and vacate the sentence imposed. The case is remanded for resentencing limited to one sentencing issue addressed herein. *See United States v. Salinas-Cortez*, 660 F.3d 695, 698 (3d Cir. 2001). Inasmuch as the district court has agreed to allow a different judge to resentence if we ordered a remand, *see United States v. Cunningham*, No. 07-0298 (W.D. Pa. Jul. 31, 2012) (order continuing disqualification), the case will be reassigned to a different judge for resentencing.