**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 11-2400 and 11-2401

UNITED STATES OF AMERICA

v.

GELEAN MARK,

Appellant in 11-2400

UNITED STATES OF AMERICA

v.

BERTRAND LEON BOODOO,

Appellant in 11-2401

On Appeal from the District Court of the Virgin Islands
(Division of St. Thomas)
(D. C. Nos. 3-05-cr-00076-001and 03-05-cr-00076-011)
District Judge:  Honorable Curtis V. Gomez

Submitted under Third Circuit LAR 34.1(a)
on December 7, 2012

Before:  SMITH, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: August 6, 2013)

O P I N I ON

**ROTH**, <u>Circuit Judge</u>:

In this consolidated appeal, Bertrand Boodoo appeals his conviction for conspiracy to possess with intent to distribute a controlled substance, and Gelean Mark appeals his convictions for conspiracy to possess with intent to distribute a controlled substance and conspiracy to import with intent to distribute a controlled substance. Both also appeal their sentences. We write only for the parties and assume their familiarity with the factual and procedural history of this case. For the reasons that follow, we will affirm both Boodoo's and Mark's convictions, but we will vacate their sentences and remand for re-sentencing.

I.      Appeal of Convictions[1]

A.

Boodoo and Mark both argue that there was insufficient evidence for a jury to convict them of conspiring to possess with intent to distribute a controlled substance, and Mark further argues there was insufficient evidence to convict him of conspiring to import with intent to distribute a controlled substance. "We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence," because "'[i]t is not for us to weigh the evidence or to determine the credibility of the witnesses.'" *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (quoting *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996)). We view the evidence in the light most favorable to the government, and we "will sustain the verdict if

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Voigt*, 89 F.3d at 1080). "Thus, 'a claim of insufficiency of the evidence places a very heavy burden on an appellant.'" *Id.* (quoting *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990)).

To establish a charge of conspiracy, the government must show "(1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together toward that goal." *United States v. Pressler*, 256 F.3d 144, 147 (3d Cir. 2001) (internal quotation marks omitted). "These elements incorporate a requirement that [the defendant] had knowledge of the specific illegal objective contemplated by the particular conspiracy," namely, possessing with intent to distribute a controlled substance, and, in Mark's case, also importing with intent to distribute a controlled substance. *United States v. Boria*, 592 F.3d 476, 481 (3d Cir. 2010).

"The existence of a conspiracy can be inferred from evidence of related facts and circumstances from which it appears as a reasonable and logical inference, that the activities of the participants … could not have been carried on except as the result of a preconceived scheme or common understanding." *United States v. Brodie*, 403 F.3d 123, 134 (3d Cir. 2005) (quoting *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002)) (ellipsis in the original) (alteration and internal quotation marks omitted). While "guilt must remain personal and individual," *id.* (quoting *United States v. Samuels*, 741 F.3d 570, 575 (3d Cir. 1984), the government's evidence must be considered "in conjunction and as a whole." *Id.*

1.

3

Count 1 charged Mark, Boodoo, and two other defendants, Allen Dinzey and Vernon Fagan, with conspiracy to possess with intent to distribute a controlled substance. At trial, the government presented intercepted telephone calls involving Boodoo, Mark, and the other defendants; video recordings capturing Boodoo engaging in hand-to-hand drug transactions; and testimony from drug purchasers, a confidential informant, and DEA agents about how the conspiracy operated. The jury found the evidence persuasive beyond a reasonable doubt in reaching guilty verdicts. Both Mark and Boodoo argue that the evidence demonstrates – at most – a buyer-seller relationship. But the circumstantial evidence implicating Mark and Boodoo could support the logical inference that each agreed to pool his efforts with Dinzey and Fagan toward the common goal of distributing drugs. Viewing the evidence in the light most favorable to the government, we must conclude that a rational trier of fact could have found the evidence sufficient to establish each element of the conspiracy charged in count 1 beyond a reasonable doubt with respect to Mark and Boodoo. We will thus affirm both convictions for conspiracy to possess with intent to distribute a controlled substance.

2.

Count 18 charged Mark, Dinzey, and Fagan with conspiracy to import with intent to distribute a controlled substance into the United States. At trial, a government witness, Glenson Isaac, testified that he and Mark traveled from St. Thomas, U.S. Virgin Islands, to Tortola, British Virgin Islands, and that Mark told him they "would be riding back dirty." Isaac testified that on the return voyage Mark had a black trash bag containing cocaine, which Mark held over the railing of the boat while they sailed at night with no

4

lights on. Mark told Isaac to look out for law enforcement or any other boats and that he would lose or get rid of the bag if law enforcement approached the boat. Isaac further testified that he heard Mark call Fagan from the boat to coordinate the hand-off of the drugs and saw Mark give the black bag to Fagan when the boat arrived in St. Thomas. The jury again found this evidence persuasive, and we must conclude that, viewed in the light most favorable to the government, a rational juror could have found the evidence sufficient to convict on count 18. We will thus affirm Mark's conviction for conspiracy to import with intent to distribute a controlled substance into the United States.[2]

B.

Mark also challenges the District Court's refusal to declare a mistrial after DEA Agent Michael Goldfinger testified on re-direct that the DEA paid a confidential informant "relocation expenses" because "there was a threat determined against [the informant's] life." Mark's counsel moved for a mistrial at that time, and the District Court denied the motion the next day.

"We review the denial of a motion for a mistrial based on a witness's allegedly prejudicial comments for an abuse of discretion." *United States v. Lore*, 430 F.3d 190, 207 (3d Cir. 2005). Our primary concern is whether the statement was so prejudicial that the defendant was deprived of the fundamental right to a fair trial. *See United States v. Xavier*, 2 F.3d 1281, 1285 (3d Cir. 1993). Three factors guide our review of Agent Goldfinger's statement: "(1) whether [the] remarks were pronounced and persistent,

---

[2] Mark asserts that he filed a timely Rule 29 motion but that the District Court failed to rule on it. Because there was sufficient evidence to convict Mark, any error in this regard was harmless. *United States v. Powell*, 973 F.2d 885, 891 (10th Cir. 1992).

creating a likelihood they would mislead and prejudice the jury; (2) the strength of the other evidence; and (3) curative action taken by the district court." *Lore*, 430 F.3d at 207.

Based on our review of the events at trial, we must conclude that the District Court did not abuse its discretion in denying Mark's motion for a mistrial. Goldfinger's statement was an isolated comment during his testimony, which lasted nearly a full day, during a week-long trial. This evidence – that the confidential informant feared for his life – was not brought up during the confidential informant's testimony or during the government's closing arguments. Additionally, the statement did not refer specifically to Mark, or any of the five other defendants on trial, and the government did not allege that any of the defendants threatened the confidential informant. Moreover, Goldfinger's statement was elicited to rebut the defense argument, made through a series of cross-examination questions about monies given to the confidential informant, that the government was buying the confidential informant's cooperation and testimony. This evidence thus served a proper purpose. *See United States v. Falkenberry*, 696 F.2d 239, 242-43 (3d Cir. 1982). Second, as discussed above, there was sufficient evidence to convict Mark on both conspiracy counts. Finally, the District Court took curative actions by immediately cutting off this line of questioning and confirming that the government would not further explore this issue. We cannot conclude that Goldfinger's statement denied Mark a fair trial. We will thus affirm Mark's convictions.

II.    Appeal of Sentences[3]

---

[3] This Court has jurisdiction to review the sentences imposed by the District Court pursuant to 18 U.S.C. § 3742(a).

## A.

Boodoo argues that his sentence should be vacated because the District Court erred by applying the mandatory minimum sentence requirements from the Anti-Drug Abuse Act of 1986 rather than those in the Fair Sentencing Act of 2010. This issue is a purely legal one over which we exercise plenary review. *United States v. Dixon*, 648 F.3d 195, 198 (3d Cir. 2011). The District Court's application of the Anti-Drug Abuse Act of 1986 was indeed error. "[T]he [Fair Sentencing Act] requires application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010, regardless of when the offense conduct occurred." *Dixon*, 648 F.3d at 203; *see Dorsey v. United States*, --- U.S. ----, 132 S. Ct. 2321, 2335 (2012).

Boodoo was sentenced on May 12, 2011, to 121 months of incarceration. He faced a Guidelines Range of 97 to 121 months for his participation in the conspiracy, which was determined to involve 225.18 grams of crack cocaine. Under the Anti-Drug Abuse Act of 1986, this amount subjected him to a ten-year mandatory minimum sentence, but under the Fair Sentencing Act, it triggers only a five-year mandatory minimum. *See Dixon*, 648 F.3d at 198. We will thus vacate Boodoo's sentence and remand for resentencing under the Fair Sentencing Act.[4]

## B.

---

[4] Boodoo also asserts that none of the drugs attributed to the conspiracy should be attributed to him. A drug conspirator may be held responsible for the amounts distributed by his coconspirators that are in furtherance of the jointly-undertaken activity, within the scope of the defendant's agreement, and reasonably foreseeable in connection with the agreed-upon criminal activity. *United States v. Collado*, 975 F.2d 985, 991-92 (3d Cir. 1992); *see* USSG § 1B1.3, app. n. 1. The District Court did not err by attributing to Boodoo the amount of cocaine base attributed to the conspiracy.

Mark argues that his sentence should be vacated because of errors relating to his Presentence Investigation Report (PSR), the applicable mandatory minimum sentence, and his criminal history category. Because Mark had not had an opportunity to read his PSR prior to sentencing, we will vacate his sentence and remand for resentencing and need not reach his other arguments.

Federal Rule of Criminal Procedure 32(i)(1)(A) requires district courts to verify at sentencing that the defendant and the defendant's attorney have read and discussed the PSR. Fed. R. Crim. P. 32(i)(1)(A).[5] Mark's counsel acknowledged having reviewed the PSR, in response to the District Court's question at sentencing, but Mark stated during his allocution that "I haven't seen the Presentence Report so I don't know what it says." Because Mark brought this issue to the District Court's attention, it was properly preserved, and we exercise plenary review over the District Court's compliance with Rule 32(i)(1)(A). *See United States v. Cherry*, 10 F.3d 1003, 1013 (3d Cir. 1993); *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009) ("We review de novo the district court's compliance with Rule 32 of the Federal Rules of Criminal Procedure.").

Rule 32(i)(1)(A) does not impose an "absolute requirement that the court personally ask the defendant" if he has read the PSR. *United States v. Mays*, 798 F.2d 78, 80 (3d Cir. 1986). Rather, this Court has "allowed for a more functional fulfillment of the rule, requiring only that the district court 'somehow determine that the defendant has had this opportunity.'" *Stevens*, 223 F.3d at 241 (3d Cir. 2000) (quoting *Mays*, 798 F.2d

---

[5] We find it surprising that the government failed to address this argument in its 28-page brief.

at 80).  We agree that the District Court failed to comply with Rule 32(i)(1)(A).  Not only was the District Court's inquiry of Mark's counsel insufficient to meet the requirements of Rule 32(i)(1)(A), *see Stevens*, 223 F.3d at 242 (finding that merely asking the defendant's attorney if the attorney had any objections to the PSR constituted error), but Mark also clearly stated that he had not had the opportunity to read the PSR.  As a result, we will vacate Mark's sentence and remand for resentencing.  *United States v. Osborne*, 291 F.3d 908, 911 (6th Cir. 2002) ("When a district court does not comply with [Rule 32(i)(1)(A)], the defendant's sentence must be vacated and the case must be remanded for re-sentencing.").

Mark also argues that the District Court erred by failing to rule on his objections to the PSR, not applying the Fair Sentencing Act, and incorrectly calculating his criminal history category.  Because we will vacate Mark's sentence and remand for re-sentencing, we need not decide whether the District Court also erred in these respects.  However, in further sentencing, the District Court should keep in mind the Fair Sentencing Act, which applies to all defendants sentenced after August 3, 2010, *Dixon*, 648 F.3d at 203, and this Court's cases interpreting "prior sentence" under § 4A1.2(a) of the Sentencing Guidelines.  We also remind the District Court that "[i]n all cases . . . the district court must 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'"  *United States v. Merced*, 603 F.3d 203, 215-16 (3d Cir. 2010) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).  District courts must provide a sufficient basis for this Court to review any sentence that has been imposed.

9

III.    Conclusion

For the foregoing reasons, we will affirm Boodoo's judgment of conviction but vacate his sentence and remand for resentencing in accordance with the Fair Sentencing Act.  *See United States v. Salinas-Cortez*, 660 F.3d 695, 698 (3d Cir. 2011).  We will also affirm Mark's judgment of conviction but vacate his sentence and remand for resentencing.